FILED
COURT OF APPEALS
DIVISION II

2015 MAY 12 AM 8: 42

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45438-6-II |
| Respondent, | |
| v. | |
| MELANIE BALAO, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Melanie Balao appeals the trial court's judgment and sentence, arguing for the first time on appeal that the trial court erred by imposing discretionary legal financial obligations (LFO) without considering her ability to pay. She also argues that she received ineffective assistance of counsel because counsel failed to object to the imposition of the LFOs. We hold that the trial court did consider Balao's current or likely future ability to pay discretionary LFOs and that Balao's defense counsel was not deficient. Therefore, we affirm.

## FACTS

The underlying facts of Balao's conviction are not in dispute, and Balao does not challenge her underlying conviction. Balao's only challenge is to the imposition of LFOs.

Balao was convicted of assault in the third degree and assault in the fourth degree. On October 4, 2013, Balao was sentenced. At Balao's sentencing hearing, the State asked the trial court to impose "standard" LFOs. Verbatim Report of Proceedings (VRP) (Oct. 4, 2013) at 5. Both defense counsel and Balao told the trial court that Balao was employed. Balao also filed a motion and declaration for order of indigency for appellate review. The motion included a

financial statement, in which Balao reported that she was employed as a medical assistant. As part of Balao's judgment and sentence, the trial court imposed $2,035 in LFOs, finding that Balao has the current or likely future ability to pay. Defense counsel did not object to the State's request for the trial court to impose legal financial obligations or to the trial court's imposition of legal financial obligations.

On October 17, 2013, Balao filed a second motion and declaration for order of indigency, including a financial statement. The October 17 motion was identical to the October 4 motion, with one exception. On the financial statement included in the October 17 motion, Balao crossed out her previously reported income, and wrote that she was terminated from her job as a medical assistant on September 27, 2013. Balao appeals the imposition of legal financial obligations.

## ANALYSIS

A.    LFOs—CHALLENGES FOR THE FIRST TIME ON APPEAL

Balao argues that the trial court erred by finding that she had the current or likely future ability to pay LFOs. Specifically, Balao argues that the trial court included a "generic, pre-formatted" finding in the judgment and sentence but did not otherwise indicate that it considered her financial resources.

At Balao's sentencing, the trial court imposed $2,035 in mandatory and discretionary LFOs. The trial court found that Balao has the current or likely future ability to pay the LFOs. Balao did not object below to the trial court's finding or to the imposition of LFOs. This court need not consider challenges to the trial court's impositions of LFOs for the first time on appeal. *State v. Blazina*, ___ Wn.2d ___, 344 P.3d 680 (2015); *see State v. Duncan*, 180 Wn. App. 245, 250, 253, 327 P.3d 699 (2014) (holding that the defendant's failure to object was not because the

ability to pay LFOs was overlooked, rather the defendant reasonably waived the issue, considering "the apparent and unsurprising fact that many defendants do not make an effort at sentencing to suggest to the sentencing court that they are, and will remain, unproductive"). However, we do have discretion under RAP 2.5(a) to consider unpreserved challenges to findings on a defendant's ability to pay discretionary LFOs. *Blazina*, 344 P.3d at 683.

Although Balao did not object below,[1] we reach Balao's challenge to the trial court's imposition of LFOs and hold that evidence of Balao's current and likely future ability to pay LFOs was before the trial court at sentencing. Thus, the trial court did not err by finding Balao had the current or likely future ability to pay discretionary LFOs.

As a preliminary matter, we note that Balao does not distinguish between mandatory and discretionary legal financial obligations. This is an important distinction because the trial court does not consider a defendant's ability to pay when imposing mandatory LFOs. *State v. Lundy*, 176 Wn. App. 96, 103, 308 P.3d 755 (2013). Unlike mandatory LFOs, the trial court must consider the defendant's present or likely future ability to pay when imposing discretionary LFOs. *Lundy*, 176 Wn. App. at 103. The trial court is not, however, required to enter formal specific findings regarding a defendant's ability to pay. *Lundy*, 176 Wn. App. at 105.

If the trial court does enter a finding in the judgment and sentence, we review it under the clearly erroneous standard. *Id.* Clear error exists when review of the record leads to a definite conclusion that a mistake was committed. *Id.*

---

[1] Not only did Balao fail to object below, she represented to the trial court that she worked full-time in the medical field to support her request for an alternative to jail.

In *Blazina*, the court held that RCW 10.01.160(3) requires the record to reflect that the sentencing judge "made an individualized inquiry into the defendant's current and future ability to pay" before the court imposes LFOs. *Blazina*, 344 P.3d at 685. Balao's argument that the trial court did not take her financial resources into account before imposing discretionary LFOs is belied by the record.

Here, Balao represented to the trial court on the record that she worked full-time in the medical field and is the sole provider for her children. Defense counsel also represented that Balao works to support her home and children. Further, Balao's father told the trial court that Balao works hard, has a nursing certificate, is trying to earn an associate's degree, and "will do well in the future." VRP (Oct. 4, 2013) at 7, 10.

The record clearly shows that Balao's financial situation was presented to the court and supports the trial court's imposition of discretionary LFOs. The trial court did not err by finding that Balao had the current or likely future ability to pay LFOs.

B.     INEFFECTIVE ASSISTANCE OF COUNSEL

Balao also argues that she received ineffective assistance of counsel because defense counsel failed to object to the imposition of LFOs. Specifically, Balao argues that defense counsel's failure to object to the discretionary LFOs requires reversal because it prejudiced Balao. Balao has not demonstrated that defense counsel's performance was deficient, and therefore, her claim fails.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). A defendant claiming ineffective assistance of counsel has the burden to establish that (1) counsel's performance was deficient and (2) the performance

4

prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Id.* at 700.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). Our scrutiny of counsel's performance is highly deferential; we strongly presume reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To rebut this presumption, a defendant bears the burden of establishing the absence of any legitimate trial tactic explaining counsel's performance. *Id.*

Here, during sentencing, both Balao and defense counsel told the trial court that Balao was employed full-time and supported her children. Defense counsel also asked the trial court to consider alternatives to jail so that Balao did not need to spend time in custody. Balao echoed her counsel's argument so that she is "able to go home to save my job." VRP (Oct. 4, 2013) at 9. Over a week after sentencing was completed, Balao filed a second motion and order for indigency for appellate review, which included a second financial statement, stating that she had been terminated from employment a week before the sentencing hearing. Suppl. CP at 106. Thus, at the sentencing hearing, both defense counsel and Balao were aware that Balao had been terminated from employment but chose to not reveal that information to the trial court. This suggests that the decision to represent Balao as employed at sentencing was likely a reasonable and legitimate strategy to have the trial court consider alternatives to jail time so that she could be at home with her children. *See Duncan*, 180 Wn. App. at 250 (noting that "[s]entencing is a context in which

most defendants are motivated to portray themselves in a more positive light" and recognizing that defendants do not want to suggest to the court that they have no hope of productivity).

Balao has failed to meet her burden of demonstrating that defense counsel's performance was deficient. Accordingly, her claim of ineffective assistance of counsel fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Bjorgen, A.C.J.

Sutton, J.